IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,        :
      Plaintiff
                                        :

      vs.                        :    CRIMINAL NO. 1:CR-07-208-01

                                        :
CHESNEY JONES,
      Defendant              :


*M E M O R A N D U M*

*I.   Introduction*

        On May 23, 2007, Defendant Chesney Jones was charged by Indictment with drug offenses.  On August 24, 2007, Jones filed a motion to suppress evidence and to sever her trial from co-defendant Lance Harper's trial.  (doc. 43).  Jones's motion focuses on: (1) the affidavit used to secure a search warrant for her vehicle and a motel room, (2) the search of Jones's cellular phone, and (3) Jones's statements on the day of her arrest.  On November 6, 2007, we held a hearing on the motion. We will deny the motion.

*II.   Background*

        Defendants Chesney Jones and Lance Harper were indicted under 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, and 21 U.S.C. § 846, for possession and conspiracy to possess with the

intent to distribute fifty grams or more of crack cocaine and five kilograms or more of cocaine hydrochloride. (doc. 1). Jones's indictment stemmed from her arrest on May 16, 2007, on a state parole violation warrant after she exited a room at a Motel 6 in York County, Pennsylvania, carrying a black bag.

After arresting Jones, DEA Special Agent Keith Kierzkowski advised Jones of her *Miranda* rights by reading a card that he kept around his neck. Jones waived her *Miranda* rights and agreed to speak with the agents. After doing so, Jones told the agents that they would be interested in the contents of a bag located under a bed in Room 129 of the motel. Jones showed Kierzkowski where the bag was supposedly located, but it was not there. Jones also told Kierzkowski that marijuana and crack cocaine were in the motel room and belonged to her.

Jones was transported to Pennsylvania State Police ("PSP") barracks by PSP Troopers Overcash and Todaro. Jones did not ask to speak with an attorney while she was transported or at any other time. At PSP headquarters, Jones agreed to access her cell phone and demonstrated how to retrieve information from it. Jones also explained the significance of the telephone numbers and the individuals' names in the phone. Later that day, Jones was transported to DEA offices in Harrisburg and again advised of her *Miranda* rights.

2

After stating that she wished to cooperate, Jones, at the direction of the DEA, met with Lance Harper at the Motel 6 and in a car. During her meeting with Harper, Jones attempted to warn Harper of the investigation.

While Jones was in DEA custody, PSP Trooper Todd J. Rudy applied for a search warrant for the motel room as well as the car parked near the room. After obtaining the warrant, officers searched the hotel room and the vehicle and recovered crack cocaine, marijuana, cash, and cellular phones.

*III. Discussion*

   *A. Search of the Cellular Phone*

Jones argues that law enforcement officials violated her Fourth Amendment rights by searching her cellular phone without a warrant and obtaining the contents of various text messages. (doc. 44, p. 7). Jones argues that evidence from the phone, including text messages and other telephone numbers, should be suppressed. *Id*.

In addition to claiming that the search was conducted without a warrant, Jones also argues that the search could not be viewed as a search incident to arrest because her arrest and processing by law enforcement officials occurred "long before the phone was searched." *Id*. at 9. The lapse of this

3

unspecified amount of time, according to Jones, triggered the warrant requirement as the search was no longer incident to arrest or conducted pursuant to routine booking procedures.  *Id*.

The Government concedes that agents did not have a search warrant, but argues that Jones consented to a search of the phone.  Jones "initiated contact with the DEA for the purpose of cooperating and bettering her situation." (doc. 64, pp. 4-5).  As a result, "Jones agreed to access her cell phone and showed the agents how to download and to retrieve the information and explained the significance of the telephone numbers and the names of the individuals in the phone." *Id*. at 5.

A search based on consent is a specific exception to the Fourth Amendment's warrant requirement. *United States v. Wilson*, 413 F.3d 382, 388 (3d Cir. 2005).  The voluntariness of the consent is a question of fact for a court to determine based upon the totality of the circumstances.  *United States v. Givan*, 320 F.3d 452, 459 (3d Cir. 2003) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)).  Jones does not argue that her consent was involuntary; rather, she claims that she did not provide consent.  Upon consideration of Jones's testimony as well as the testimony of the Government's witnesses, which we find credible, we conclude that Jones consented to the search of her cellular phone.  Therefore,

4

agents did not violate her Fourth Amendment rights in obtaining information from the phone.

      *B. Affidavit of Probable Cause Used to*
         *Secure the Search Warrant*

Jones next argues that we should conduct a hearing to determine the veracity of the information in the affidavit used to secure a search warrant for the motel room and her vehicle. (doc. 44, p. 9). Jones contends that two portions of the affidavit are "false and misleading and fail to include material information." *Id*. First, Jones claims that contrary to the affidavit, she did not exit the motel room carrying a bag. *Id*. at 9-10.[1] Second, Jones claims that she did not tell Agent Kierzkowski that she had crack in the motel room. *Id*.[2]

A court must hold a hearing "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of

---

[1] The relevant portion of the probable cause affidavit provides: "At approximately 1050 hrs, a black female matching the description of JONES came out of room #129 carrying a black plastic bag and put it into the back seat of the Toyota Camry. JONES was then approached by Law enforcement Officers and placed into custody . . ." (doc. 44, p. 9).

[2] With respect to this claim, the probable cause affidavit provides: "SA Keith KIERZKOWSKI then spoke with JONES and she admitted to having crack in the room and told him to check behind the bed." (doc. 44, pp. 9-10).

probable cause . . . ." *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978).  Jones's claims must be "more than conclusory and must be supported by more than a mere desire to cross-examine."  *Id*. at 171.  Jones must make "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof."  *Id*.  Such an offer of proof might include sworn affidavits or otherwise reliable witness statements. *United States v. Yusef*, 461 F.3d 374, 383 n.8 (3d Cir. 2006).

Jones fails to meet the standard necessary for a *Franks* hearing.  While Jones has alleged deliberate falsehoods with respect to two portions of the affidavit, she has failed to submit an offer of proof sufficient to satisfy the "substantial preliminary showing."  Aside from Jones's testimony, which we do not find credible, Jones has not submitted evidence showing that the affiant included false statements or other misrepresentations.  Therefore, we deny Jones's request for a hearing as well as her motion to suppress evidence from the search.

*C. Jones's Statements on May 16, 2007*

Jones also requests that we suppress her statements made on May 16, 2007, because the statements were obtained in violation of her Fifth Amendment rights.  Specifically, Jones

claims that law enforcement officers did not read her *Miranda* rights nor did they respect her request for counsel.  (doc. 44, p. 11).  According to Jones, she requested counsel while she was being transported to PSP barracks and did not initiate further conversation with the police after she invoked her right to counsel.  *Id*. at 11-12.

With respect to the Fifth Amendment's protection from self-incrimination, law enforcement officials may not question an individual in custody if the individual "indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking" or "if the individual is alone and indicates in any manner that he does not wish to be interrogated . . . ."  *Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  Waiver of *Miranda* rights must be knowing, voluntary, and intelligent.  *Id*.  A waiver is voluntary if it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception."  *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986).  "[T]he waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  *Id*.

PSP Troopers Overcash and Todaro, as well as DEA Special Agents Cook and Kierzkowski, testified consistently and credibly at the suppression hearing that Agent Kierzkowski

7

complied with the *Miranda* procedures.  The witnesses testified that Kierzkowski read Jones her *Miranda* rights from a card kept on a chain around his neck, and that Jones waived her rights and agreed to talk to the agents.  Additionally, Overcash and Todaro credibly testified that Jones never asked to speak with an attorney while she was being transported to PSP headquarters or at any other time.  Instead, Jones was anxious to cooperate and provided information about her drug suppliers in New York as well as Lance Harper.  Therefore, we will deny Jones's motion to suppress her statements made on May 16, 2007.

>    *D.  Motion for Separate Trials for*
>        *Jones and Lance Harper*

Jones has also moved for a separate trial pursuant to Federal Rule of Criminal Procedure 14.  (doc. 44, p. 12).  On September 12, 2007, Jones's co-defendant, Lance Harper, entered a guilty plea as to Count II of the indictment.  (doc. 54). Accordingly, we will dismiss this portion of the motion as moot.

>                         /s/William W. Caldwell
>                         William W. Caldwell
>                         United States District Judge

Date: December 12, 2007

8

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA,      :<br>          Plaintiff<br>                                :<br>     vs.                        :  | CRIMINAL NO. 1:CR-07-208-01 |
|                                :<br>CHESNEY JONES,<br>          Defendant           : | |

*O R D E R*

AND NOW, this 12th day of December, 2007, upon consideration of Defendant Chesney Jones's Motion to Suppress Evidence and Motion for Severance of Defendants (doc. 43), based on the accompanying Memorandum, it is ordered that:

    1. Defendant's Motion for Suppression of Evidence is denied;

    2. Defendant's Motion for Severance of Defendants is dismissed as moot.

                                           <u>/s/William W. Caldwell</u><br>
                                           William W. Caldwell<br>
                                           United States District Judge