# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:07-CR-00208-01 |
| v. | (Judge Brann) |
| CHESNEY JONES, | |
| Defendant. | |

## MEMORANDUM OPINION

**APRIL 16, 2021**

Currently pending before the Court is Chesney Jones' request for resentencing[1] pursuant to the First Step Act.[2] Jones asserts that this Court should impose a sentence of time served based upon her good behavior while incarcerated and post-sentencing rehabilitative efforts, and because her prior convictions purportedly no longer support a career offender designation.[3] The Government opposes any sentence reduction.[4]

## I.   BACKGROUND

In 2008, Jones was charged in a superseding indictment with one count of possession with the intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine (Count 1), in violation of 21 U.S.C. § 841(a)(1), one count of traveling in interstate commerce to promote an unlawful activity (Count 2),

---

[1]  Doc. 212.
[2]  Pub. L. No. 115-391, 132 Stat. 5194 (2018).
[3]  Doc. 212 at 15-16; Doc. 222 at 7; Doc. 226 at 1, 6; Doc. 239 at 3-4; Doc. 240.
[4]  Doc. 219.

in violation of 18 U.S.C. § 1952(a)(3), one count of making false statements (Count 3), in violation of 18 U.S.C. § 1001, and one count of conspiracy to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine (Count 4), in violation of 21 U.S.C. § 846.[5] Following a jury trial, Jones was convicted of all four counts, with the jury concluding that Counts 1 and 4 involved 50 grams or more of cocaine base and 5 kilograms or more of cocaine.[6]

Prior to trial, the Government filed a notice, in accordance with 21 U.S.C. § 851, that it intended to seek enhanced criminal penalties pursuant to 21 U.S.C. § 841(b)(1)(A) based upon Jones' prior convictions.[7] This notice had the effect of doubling the mandatory minimum sentences for Counts 1 and 4 from ten years' imprisonment to twenty years' imprisonment.[8]

A Presentence Report (PSR) was thereafter prepared. The PSR noted that, after Jones' arrest, agents discovered small amounts of drugs in Jones' room; Jones then informed to law enforcement that she had been distributing cocaine and cocaine base in the Harrisburg, Pennsylvania area for approximately one year and that, at the time of her arrest, she and another individual had brought fifteen kilograms of cocaine to Harrisburg for distribution.[9] Jones admitted to law enforcement that she

---

[5]  Doc. 69.
[6]  Doc. 89.
[7]  Doc. 75.
[8]  The mandatory minimum penalties have since been reduced to 15 years' imprisonment, although the maximum sentence remains life imprisonment. 21 U.S.C. § 841(b)(1)(A).
[9]  PSR at 4-5.

2

would often provide her coconspirator with multiple kilogram shipments of cocaine, and would also personally sell one-kilogram quantities of cocaine base.[10]

During the subsequent police investigation, Jones agreed to cooperate with law enforcement but then, during a meeting with the coconspirator that law enforcement monitored, Jones informed her coconspirator that she was cooperating with law enforcement.[11] Moreover, during her criminal trial Jones testified falsely regarding the events surrounding her arrest. Among the false statements that Jones offered were assertions that: agents had threatened her and refused her requests for an attorney; agents planted the drugs found in her room; she informed law enforcement that she would not cooperate and all of the recorded conversations of Jones cooperating were fabricated by law enforcement; she did not inform her coconspirator that she was cooperating with law enforcement; and she was a simple drug user who was not involved in drug trafficking.[12]

The PSR determined that Jones was responsible for distributing between 1.5 and 4.5 kilograms of cocaine base and at least 15, but fewer than 50, kilograms of cocaine.[13] Using the 2007 version of the U.S. Sentencing Guidelines Manual, the PSR calculated a base offense level of 36,[14] and recommended increasing the offense level by two levels because Jones obstructed justice by attempting to notify her

---

[10]  *Id.* at 5.
[11]  *Id.* at 5-6.
[12]  *Id.* at 6.
[13]  *Id.*
[14]  *Id.* at 7; USSG § 2D1.1(c)(4).

coconspirator that she was cooperating with authorities, and by testifying falsely at trial.[15] The PSR also recommended that, based upon her prior convictions, Jones be classified as a career offender.[16] Jones had prior convictions for controlled substances offenses, including Pennsylvania state court convictions for possession with intent to distribute cocaine, and possession with intent to distribute cocaine base.[17] In addition, the PSR noted that Jones had prior convictions for aggravated assault and resisting arrest, criminal mischief and theft by unlawful taking, false reports, and embezzlement.[18] This resulted in a criminal history category VI which, when combined with an offense level of 38, resulted in a Sentencing Guidelines range of 360 months to life imprisonment.[19]

Jones objected to several portions of the PSR, most notably the enhancement for obstruction of justice and the application of criminal history points to two separate prior convictions.[20] My Colleague, the late Honorable William W. Caldwell,[21] sustained in part the objections, finding "out of an abundance of caution" that one criminal history point should be removed from Jones' criminal history—

---

[15] PSR at 8; USSG § 3C1.1.
[16] PSR at 8. Although Jones was designated as a career offender, that designation did not impact her Sentencing Guidelines score. The career offender designation would have resulted in an offense level of 37, which was below the actual offense level of 38. *Id.* Even with a criminal history category V, an offense level of 38 would still provide a Sentencing Guidelines range of 360 months to life imprisonment.
[17] *Id.* at 9-11.
[18] *Id.*
[19] *Id.* at 11, 15.
[20] Doc. 114 at 4-11.
[21] Judge Caldwell died in 2019, and this matter was reassigned to the undersigned that same year.

which did not alter Jones' criminal history category—but overruled the objection to a two-level enhancement for obstruction of justice.[22] After accounting for the relevant 18 U.S.C. § 3553(a) sentencing factors, Judge Caldwell varied downward and imposed a sentence of 300 months' imprisonment.[23]

On appeal, the United States Court of Appeals for the Third Circuit affirmed Jones' convictions.[24] Jones later filed a 28 U.S.C. § 2255 motion alleging that she received ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and that the trial court violated her due process rights by permitting the Government to suppress exculpatory evidence.[25] Judge Caldwell denied that motion, and the Third Circuit denied Jones' motion for a certificate of appealability and dismissed her appeal of that decision.[26]

Currently pending before the Court is Jones' motion for resentencing pursuant to the First Step Act. Although the Court permitted Jones the opportunity to file a supplemental memorandum addressing any additional factors that she wishes the Court to consider, she has not done so. Nevertheless, in light of the voluminous filings submitted by Jones—filings that include information regarding her post-sentencing rehabilitative efforts—the record is adequate for the Court to rule on this

---

[22] *Id.* at 7-8, 10.
[23] *Id.* at 28-29.
[24] Docs. 129, 130.
[25] Docs. 131, 147.
[26] Docs. 201, 202, 210.

motion.[27] Consequently, the matter is now ripe for disposition and, for the following reasons, Jones' motion will be denied.

## II.   DISCUSSION

The Fair Sentencing Act was enacted on August 3, 2010 and modified criminal penalties for offenses involving cocaine base, if the sentencing was conducted on or after August 3, 2010.[28] The Fair Sentencing Act modified the statutory penalties provided in 21 U.S.C. § 841(b)(1)(A), (B) as they applied to cocaine base quantities: the Act raised from 5 grams to 28 grams the amount required to trigger a 5-year mandatory minimum sentence and a 40-year maximum sentence, and raised from 50 grams to 280 grams the amount required to trigger a 10-year mandatory minimum sentence and a maximum sentence of life imprisonment.

While the Fair Sentencing Act applied only to those sentenced on or after August 3, 2010, Section 404 of the First Step Act authorizes courts to resentence defendants if they were sentenced prior to August 3, 2010 for a "covered offense," which is any offense for which "the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act."[29]

### A.   Covered Offense

The Government contends that Jones is ineligible for resentencing under the First Step Act because, although she was convicted of conspiracy to distribute 50

---

[27] Docs. 222, 226, 227, 231-40.
[28] *See Dorsey v. United States*, 567 U.S. 260 (2012).
[29] 132 Stat. 5194, 5222.

6

grams or more of cocaine base, and the penalties for that offense have been modified by the Fair Sentencing Act, she was also convicted of conspiracy to distribute 5 or more kilograms of cocaine, and the penalties for that offense were not altered by either the Fair Sentencing Act or First Step Act.[30]

The Court rejects the Government's assertion. Although there is no binding authority on this issue in the Third Circuit, other circuit courts have persuasively concluded that a conviction for a "dual-object conspiracy under 21 U.S.C. § 846 [that] incorporates and invokes the statutory penalties for both the crack-cocaine object and the powder-cocaine object" is a covered offense, so long as the "penalties for the crack-cocaine object" of the offense were subsequently lowered by the Fair Sentencing Act.[31]

As the United States Court of Appeals for the Fourth Circuit has explained, under the First Step Act, "there is no eligibility requirement beyond the threshold question of whether there is a 'covered offense.'"[32] Thus, the Fourth Circuit noted

---

[30] Doc. 219 at 5-8.

[31] *United States v. Winters*, 986 F.3d 942, 950 (5th Cir. 2021). *See also United States v. Taylor*, 982 F.3d 1295, 1300, 1301 (11th Cir. 2020) (holding that where an individual is convicted of a "dual-object conspiracy" that involves the distribution of both cocaine and cocaine base, and the penalties for the cocaine base offense have been modified by the Fair Sentencing Act, the conspiracy "is a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 of the Fair Sentencing Act . . . [and] is a covered offense" under the First Step Act (internal quotation marks omitted)); *United States v. Gravatt*, 953 F.3d 258, 259 (4th Cir. 2020) (holding that "a conspiracy that involves the distribution of 50 or more grams of crack cocaine, which is a 'covered offense' under the Act because the penalties for it were modified by the Fair Sentencing Act, remains a covered offense if the conspiracy also charges distribution of powder cocaine, the penalties for which were not modified").

[32] *Gravatt*, 953 F.3d at 262.

that "all defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act" and, while "that does not mean the defendant is entitled to relief under the Act[,] [i]t . . . means that his motion is entitled to be considered on the merits."[33]

In the case under consideration by the Fourth Circuit, the appellant had "pled guilty to knowingly and willfully conspiring with others to unlawfully possess with intent to distribute and to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine."[34] The penalties for a conspiracy that involved the distribution of cocaine base had been altered by the Fair Sentencing Act, while the penalties involved for distributing powder cocaine had not.[35] Thus, a part of the conspiracy fell within the First Step Act, while a part of the conspiracy did not.[36] Despite the existence of a dual-object conspiracy, the Fourth Circuit concluded that the appellant fell within the First Step Act because he met the only eligibility requirements set forth by Congress in the First Step Act: he was "serving [a] sentence[] for [a] violation[] of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and [was] not excluded pursuant to the expressed limitations in Section 404(c) of the First Step

---

[33] *Id.* (brackets and internal quotation marks omitted).
[34] *Id.* at 263.
[35] *Id.* at 263-64.
[36] *Id.*

8

Act."[37] Although the Government argued that dual-objective conspiracies were not covered offenses under the First Step Act, the Fourth Circuit held that:

> The Act sets forth the express limitations for its application in Section 404(c). If Congress intended for the Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language. But it did not. We decline to expand the limitations crafted by Congress.[38]

The Court finds persuasive the reasoning of the Fourth Circuit and other courts that have considered this question and thus holds that dual-objective conspiracies are no impediment to relief under the First Step Act. Here, Jones was sentenced in May 2008 for crimes that occurred between 2006 and 2007.[39] The conspiracy for which Jones was convicted involved the distribution of 50 grams or more of cocaine base, and the penalties for such an offense were modified by the Fair Sentencing Act.[40] Accordingly, Jones is eligible for resentencing under the First Step Act, and the Court must consider whether a modified sentence is warranted under these circumstances.

### B. Sentencing Considerations

In conducting resentencing, the Court must first calculate the advisory Sentencing Guidelines range.[41] Jones asserts that recent changes to the career

---

[37] *Id.* at 264 (internal quotation marks omitted).
[38] *Id.*
[39] Docs. 69, 107.
[40] Doc. 89.
[41] *See United States v. Azcona-Polanco*, 865 F.3d 148, 151 (3d Cir. 2017) (noting that courts must first "calculate[] the applicable Guideline range").

9

offender provision of the Sentencing Guidelines means that her Sentencing Guidelines range has changed.[42]

The 2018 U.S. Sentencing Guidelines Manual provides that an individual is a career offender

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.[43]

The Sentencing Guidelines define a controlled substance offense as any federal or state offense that is "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."[44]

Jones' crime of conviction is undoubtedly a controlled substance offense, as she was over the age of 18 at the time she committed the offense,[45] the offense was punishable by more than one-year in prison,[46] and the offense was a controlled

---

[42] Doc. 212 at 12-14; Doc. 218 at 6-7; Doc. 222 at 7.
[43] USSG § 4B1.1(a).
[44] USSG § 4B1.2(b).
[45] PSR at 2.
[46] 21 U.S.C. § 841(b)(1)(A).

substance offense.[47] Moreover, Jones was twice convicted in Pennsylvania state court of drug offenses, once for possession with the intent to distribute cocaine, and once for possession with the intent to distribute cocaine base.[48] These Pennsylvania offenses both "may serve as . . . predicate offense[s] to a career-offender enhancement under [USSG] § 4B1.1."[49]

Consequently, Jones remains a career offender under the 2018 Sentencing Guidelines. The Sentencing Guidelines provide that, for offenses that are punishable by life imprisonment, an individual's offense level shall be 37.[50] Because Jones' crime of conviction involved 5 kilograms or more of cocaine, it was punishable by up to life imprisonment,[51] and her offense level is therefore 37.[52] Moreover, the Sentencing Guidelines mandate a criminal history category VI for career offenders.[53] Accordingly, with an offense level of 37 and criminal history category VI, Jones'

---

[47] *See, e.g.*, *United States v. Watkins*, 297 F. App'x 170, 172 (3d Cir. 2008) (noting that an offense under 21 U.S.C. § 841 "is a felony controlled substance offense").
[48] PSR at 9-10.
[49] *United States v. Glass*, 904 F.3d 319, 324 (3d Cir. 2018). Jones' Pennsylvania offenses were not only punishable by more than one-year imprisonment, but she was actually sentenced to more than one year of imprisonment for each offense. PSR at 9-10.
[50] USSG § 4B1.1(b).
[51] 21 U.S.C. § 841(b)(1)(A).
[52] Judge Caldwell originally applied an offense level of 38, as the offense level for Jones' crimes of conviction were greater than the career offender offense level. PSR at 6; Doc. 114 at 19-20, 28-29. However, based on subsequent changes to the Sentencing Guidelines, the drug quantities for which Jones was held responsible would provide, at most, a base offense level of 34 which, along with the enhancement for obstruction of justice, would result in an offense level of 36. USSG § 2D1.1(c)(3). Accordingly, the career offender penalties now govern Jones' Sentencing Guidelines calculations.
[53] USSG § 4B1.1(b).

Sentencing Guidelines range remains unchanged at 360 months to life imprisonment.

Having calculated the advisory Sentencing Guidelines range, the Court must next "consider[] the parties' arguments and the [relevant 18 U.S.C. §] 3553(a) factors" to determine the appropriate sentence.[54] Those sentencing factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" as well as "to afford adequate deterrence . . . protect the public from further crimes of the defendant . . . and" provide the most effective medical care, correctional treatment, or educational and vocational training; (3) "the kinds of sentences available;" (4) "the kinds of sentence and the sentencing range" established for the offense; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among" similarly-situated defendants; and (7) "the need to provide restitution to any victims of the offense."[55]

Jones asserts that she is entitled to a sentence of time served based primarily on her post-sentencing rehabilitative conduct. However, many of the relevant sentencing factors that applied at Jones' original sentencing remain unchanged and,

---

[54] *Azcona-Polanco*, 865 F.3d at 151.
[55] 18 U.S.C. § 3553(a).

12

after reviewing all of the § 3553(a) sentencing factors, the Court concludes that those factors militate in favor of an unchanged sentence.

First, the offenses are serious. The evidence reflects that Jones was not simply a low-level drug dealer but, rather, during the course of a year-long conspiracy, Jones trafficked large quantities of narcotics—including more than 15 kilograms of cocaine, and more than 1.5 kilograms of cocaine base.[56] This activity placed countless lives in danger from potential overdoses. Additionally, Jones obstructed justice after her arrest. Although she agreed to cooperate with law enforcement, during a monitored meeting with her coconspirator, Jones surreptitiously wrote warning notes to her coconspirator in which she informed him that she was in trouble and that law enforcement was monitoring their meeting.[57] This attempt elevates the seriousness of Jones' offenses, as does the fact that Jones lied under oath at trial in an attempt to evade responsibility for her criminal behavior.[58]

Second, although Jones' history and characteristics are somewhat murky due to her refusal to cooperate with the probation department prior to her sentencing,[59] what information is available points toward her current sentence being an appropriate one. Jones had numerous convictions in the decade prior to her arrest in this matter including, *inter alia*, two serious drug convictions and a conviction for

---

[56] PSR at 3-6.
[57] *Id.* at 5; Doc. 114 at 7.
[58] PSR at 6; Doc. 114 at 7-8.
[59] Doc. 114 at 28.

resisting arrest wherein Jones fought with police officers and grabbed one officer by the genitals, causing injury.[60] At the time of her sentencing, Jones also had more than one dozen pending charges or prior arrests for crimes such as assault, being a fugitive from justice, and obstruction of justice.[61]

Third, given the nature of the offenses, there is a need for a lengthy sentence to reflect the seriousness of the offenses and provide just punishment. Moreover, in light of the offenses and the fact that Jones not only committed these offenses while on parole in two separate states, but also previously absconded from parole and failed to appear at a sentencing proceeding, there is a significant need for the sentence imposed to promote respect for the law.[62] Fourth, given Jones' criminal history and her continued criminal conduct even when on parole, the Court believes that Jones presents a high risk of recidivism, and finds that there is a need for the sentence to afford adequate deterrence and to protect the public from further crimes.

Weighed against these concerns is evidence related to Jones' post-sentencing rehabilitative efforts. The United States Supreme Court has held that courts "may consider evidence of a defendant's postsentencing rehabilitation at resentencing."[63] Jones points to her activities while incarcerated and argues that those activities

---

[60] PSR at 9-11.
[61] *Id.* at 12-14.
[62] *Id.* at 10-11; *Cf. United States v. Lugo*, 832 F. App'x 799, 801 (3d Cir. 2021) (noting "the importance of the fact that [defendant] committed his current offense while on supervised release").
[63] *Pepper v. United States*, 562 U.S. 476, 504 (2011).

warrant a reduced sentence. Specifically, Jones notes that she has had only four incident reports while incarcerated, has the support of her family, and will have employment when she is released from custody.[64] Moreover, Jones has taken many courses to better herself, including vocational training and reentry classes.[65]

Although Jones' efforts and actions while incarcerated are commendable, given the weight of evidence indicating that Jones poses a danger to the public and presents a high risk of recidivism, the Court cannot conclude that her conduct while incarcerated has reduced those risks. Given the weight of the relevant 18 U.S.C. § 3553(a) factors, the Court concludes that a 300-month sentence remains appropriate, and the Court therefore will not exercise its discretion to reduce Jones' sentence.

### III.   CONCLUSION

For the foregoing reasons, Jones' request for a sentence reduction pursuant to the First Step Act will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[64] Doc. 212 at 14-15.
[65] *Id.* at 15; Doc. 240.